IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HENRY GIBBS, JR.                                                    PLAINTIFF

versus                                          CIVIL ACTION NO. 3:15cv867-DPJ-FKB

JOANN SHIVERS, ET AL.                                         DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Revoke Plaintiff's *In Forma Pauperis* Status [23], filed by Defendant Joann Shivers.  Plaintiff Gibbs has filed a Response [29] to the Motion to Revoke.   In this case filed pursuant to 42 U.S.C. § 1983, Gibbs, a *pro se* prisoner, was previously granted *in forma pauperis*  ("IFP") status under 28 U.S.C. § 1915.   For the reasons stated below, the undersigned recommends that the Motion to Revoke be granted, and that Gibbs's IFP status be revoked under 28 U.S.C. § 1915(g).

## DISCUSSION

On April 26, 1996, the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") became law.  The PLRA modified the requirements for proceeding *in forma pauperis* in federal courts.  Among other things, a prisoner's privilege to proceed IFP is revoked if the prisoner has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1]  The Court must

---

[1]  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

consider all actions which were dismissed as frivolous, malicious, or which failed to state a

claim. *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district

court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim).  "A prisoner

may still pursue any claim after three qualifying dismissals, but he or she must do so without the

aid of the i.f.p. procedure." *Id.* at 386-387.

　　　Gibbs has recently pursued another § 1983 case before the United States District Court

for the Northern District of Mississippi.  *See Gibbs v. Santos*, Civil Action No. 4:16cv12-DMB-

JMV (N.D. Miss.).  In that action, the Northern District entered an Order revoking Gibbs's IFP

status based on the "three strikes" provision of the PLRA.  *See* [23-1].  The Northern District

found that Gibbs has, on not less than three occasions, "brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted."[2]  Gibbs moved for reconsideration, and the Northern

District denied the motion.  *Gibbs*, Civil Action No. 4:16cv12-DMB-JMV at [20] .  Although

Gibbs appealed the denial of reconsideration to the United States Court of Appeals for the Fifth

Circuit, the Northern District denied him IFP status on appeal under the three "strikes" provision

of § 1915(g).  *Id.* at [21].  The Fifth Circuit assessed the appellate filing fee due to Gibbs's three

---

28 U.S.C. § 1915(g).

　　[2]　　In that case, the Northern District found that Gibbs has accumulated "strikes" under § 1915(g) in the following cases:  *Gibbs v. Sobina*, 3:95cv150-DBS-KAP, (W.D. Pa. Aug. 25, 1995)(dismissed as frivolous); *Gibbs. v. Hustosky*, 3:95cv159-DBS-KAP (W.D. Pa. Aug. 25, 1995)(dismissed as frivolous); *Gibbs. v Monsour*, 3:95cv167-DBS-KAP (W.D. Pa. Aug. 25, 1995)(dismissed as frivolous); and *Gibbs. v. Domitrovich*, 1:99cv383-DJM-SPB (W.D. Pa. Feb. 24, 2000)(dismissed as frivolous).  The Northern District also noted that the United States Court of Appeals for the Third Circuit denied Gibbs's motion to appeal *in forma pauperis* based on his accumulation of three "strikes" in *Gibbs v. Johnson*, Appeal No. 01-1653 (3d Cir. Jan. 7, 2002).

"strikes."  Thereafter, Gibbs failed to pay the appeal fee in a timely manner, and the Fifth Circuit

dismissed the appeal for want of prosecution.  *Id*. at [24].

Likewise, the undersigned recommends revocation of Gibbs's IFP privilege pursuant to

28 U.S.C. § 1915(g).  *See Adepegba*, 103 F.3d at 387.  As described above, other federal courts

have denied or revoked Gibbs's IFP status based on his accumulation of three or more "strikes"

under § 1915(g).

Even so, Gibbs could still be granted IFP status in this case if he is "under imminent

danger of serious physical injury."  28 U.S.C. § 1915(g).  The Fifth Circuit has held that

"imminent danger" for a prisoner with three strikes, such as Gibbs, is evaluated "at the time that

he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to

proceed IFP."  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  This Court has concluded

that "the danger must exist at the time the complaint is filed."  *Edmonson v. Sollie*, Civil Action

No. 3:13cv1069-HTW-LRA, 2015 WL 737425, at  *2-3 (S.D. Miss. Feb. 20, 2015)(collecting

cases); *see also Banks v. Langford*, Civil Action No. 5:10cv53-KS-MTP, 2010 WL 1711757, *2

(S.D. Miss. Apr. 26, 2010)(Starrett, J.)(finding that "the danger must exist at the time the

complaint is filed.") .

In this action, Gibbs complains of his conditions of confinement while he was housed at

the Central Mississippi Correctional Facility ("CMCF") of the Mississippi Department of

Corrections, located in Pearl, Mississippi, between June 10 and July 22, 2015. [1] at 5, 7.  When

he signed his complaint on November 5, 2015, and his motion to proceed IFP on October 24,

2015, he was no longer housed at CMCF. [1] at 12; [2] at 2.  Rather, Gibbs had been moved to

the Mississippi State Penitentiary located at Parchman, Mississippi ("Parchman") as of July 22,

2015.  *See* [1] at 1; [2].

Under *Banos,* the evaluation of a prisoner plaintiff's "imminent danger" is made at the time of the filing of the complaint and the motion to proceed IFP.  Gibbs's original complaint and his motion to proceed IFP were filed *after* his move to Parchman and concerned only his conditions of confinement at CMCF during June and July 2015, not his conditions of confinement at Parchman.  A claim of past danger, such as that alleged in his original complaint, is insufficient to trigger the "imminent danger" exception of § 1915(g), especially in light of Gibbs's transfer to Parchman.  *See Davis v. Flagg*, Civil Action No. 4:10cv53-DPJ-FKB, 2011 WL 3207742, *2 (S.D. Miss. June 30, 2011);  *see also Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(finding that a cessation of the threat prior to filing complaint and a lack of ongoing danger due to transfer were insufficient to trigger the § 1915(g) exception).

In his Response [29] to the motion to revoke IFP status, Gibbs attempts to work around the *Banos* standard by alleging that his life was in "imminent danger" *at Parchman* at the time he filed  his motion to proceed IFP and his complaint concerning conditions and defendants *at CMCF*.[3]  Gibbs asserts that the bacterial infection that he allegedly suffered at CMCF was still active in his body when he filed his complaint, that he was exposed to gas fumes and second-hand smoke at Parchman, and that he drank contaminated water while at Parchman, all of which constituted "imminent danger of physical injury."  [29] at 1.  Thus, he argues, he should be allowed to proceed under the exception in § 1915(g).

Nevertheless, the conditions of which he complains *at Parchman* do not meet the

---

[3]The Court observes that as of November 3, 2016, Gibbs had been moved to CMCF.  *See* [30], filed November 9, 2016.

"imminent danger" standard.  Gibbs has submitted documents demonstrating that medical personnel at Parchman successfully treated him with antibiotics.  *See* [29] at 6.  Otherwise, his allegations regarding an infection are conclusory and unsupported by medical evidence.  Gibbs admits that Parchman personnel evacuated him from gas fumes in August 2015, and that he was treated for any effects from the fumes at that time. [29] at 12.  Allegations of danger two months prior to his October 24, 2015, motion to proceed IFP, are insufficient to meet the standard of "imminent danger."  *See Banos*, 144 F.3d at 884; *Edmonson*, 2015 WL 737425 at *2-*3.   With regard to second-hand smoke, the Fifth Circuit has rejected the argument that second-hand smoke poses an "imminent danger" sufficient to overcome the three "strikes" provision of § 1915(g).  *See Foster v. Unidentified Party*, 34 F. App'x 963, 2002 WL 663757 (5th Cir. Apr. 1, 2002); *see also Davis v. Granger*, 2015 WL 1800251, *3 (W.D. La. Apr. 15, 2015)(rejecting second-hand smoke as posing an "imminent danger" under § 1915(g)).  Finally, with regard to his claim of contaminated water, Gibbs admits that he was given bottled water by Parchman officials for several days at the end of September 2015 and beginning of October 2015, and he does not complain of the water quality between that time and the filing of his motion to proceed IFP in this case on October 24, 2015.  [29] at 10.  Moreover, with his recent November 2016 move to CMCF, the alleged "dangers" he faced at Parchman have ceased and are insufficient to trigger the § 1915(g) exception.  *See Medberry*, 185 F.3d at 1193.  As stated by the Northern District, '[t]he imminent danger exception to § 1915(g) is reserved for threats which are 'real and proximate,' meaning 'a genuine emergency where time is pressing.'"  *Gibbs*, Civil Action No. 4:16cv12-DMB-JMV, [20] at 7 (quoting *Ciarpaglini v. Saini*, 352 F.3d 329, 330 (7th Cir. 2003)).  Thus, because the conditions of which he complains are either "past dangers" or are not

considered an "imminent danger," the undersigned concludes that these conditions do not meet the standard for the "imminent danger" exception under § 1915(g).

Accordingly, because the United States District Court for the Northern District of Mississippi has revoked Gibbs's IFP designation in another pending case when he did not meet the "imminent danger" exception to the three strikes provision of § 1915, and because he did not meet the "imminent danger" exception when he filed this action and filed his motion to proceed IFP,[4] the undersigned recommends that Plaintiff's IFP status be revoked. Accordingly, Plaintiff should be given thirty (30) days, from the date of any order adopting this Report and Recommendation, to pay to the Clerk of Court the required $350.00 filing fee plus a $50.00 administrative fee. **Plaintiff is warned that failure to pay the filing fee will result in an order of dismissal for want of prosecution under Fed. R. Civ. P. 41(b).**

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 18th day of November, 2016.

 /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[4]In its previous grant of IFP, the Court did not engage in an "imminent danger" analysis. *See* Order [10].

6