UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HENRY GIBBS, JR.                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:15cv867-DPJ-FKB

JOANN H. SHIVERS                                                                                  DEFENDANT

ORDER

This case is before the Court on the Report and Recommendation [31] of United States Magistrate Judge F. Keith Ball. Judge Ball recommended that the Court grant Defendant Joann H. Shivers's Motion to Revoke Plaintiff's *In Forma Pauperis* ["IFP"] Status [23]. Plaintiff Henry Gibbs, Jr. filed Objections [32] to the Report and Recommendation, along with an Affidavit [34]. The Court, being fully advised of the premises, agrees with Judge Ball that Gibbs's IFP status should be revoked.

It is uncontested that Gibbs has accumulated more than three strikes for purposes of the Prison Litigation Reform Act's limitation on prisoner IFP filings. *See* Report and Recommendation [31] at 2–3 (detailing Gibbs's strikes); *see also* 28 U.S.C. § 1915(g). But Gibbs maintains that he may nevertheless have IFP status here under the "imminent danger" exception. *See* 28 U.S.C. § 1915(g) (2012). "[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger [of serious physical injury] at the time that he seeks to file his suit in district court . . . ." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

In his Report and Recommendation, Judge Ball noted that this lawsuit concerns Gibbs's conditions of confinement while housed at the Central Mississippi Correctional Facility ("CMCF") between June 10 and July 22, 2015. *See* Compl. [1] at 4 (complaining about Gibbs's

placement and the conditions of confinement in the quick-bed housing unit). But by the time Gibbs filed the lawsuit in November 2015, he had been moved to the Mississippi State Penitentiary at Parchman as of July 22, 2015.[1] In his Complaint, Gibbs makes two allegations regarding "imminent danger." First, he alleges that, while he was housed at CMCF, Defendant Shivers "should have known that [he] was in imminent danger of physical injury . . . because [he] was bitten by several red bodied mosquitos . . . when he had already contracted a bacteria infection." *Id.* at 8. Next, he alleges that his "life may still be in imminent danger of physical injury because of this infection." *Id.* at 10.

Looking at the first allegation, Judge Ball correctly concluded that the claim of past imminent danger that predated his move to Parchman and the filing of the Complaint does not trigger the "imminent danger" exception of § 1915(g). As to the second allegation, Judge Ball noted that "Gibbs has submitted documents demonstrating that medical personnel at Parchman successfully treated him with antibiotics" and that "[o]therwise, his allegations regarding an infection are conclusory." Report & Recommendation [31] at 5.

Gibbs seems to recognize that the allegations in the Complaint get him nowhere, so in his Objections, he focuses on the conditions he was subjected to at Parchman. In particular, Gibbs alleges he was exposed to second-hand smoke at Parchman. But claims related to his conditions of confinement at Parchman are not part of his Complaint in this case. And the Court will not construe Gibbs's arguments regarding conditions at Parchman as a motion to amend to include Parchman-related claims in this lawsuit, as amendment would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion

---

[1] Gibbs was once again moved back to CMCF as of November 3, 2016.

2

to deny a motion to amend if it is futile."). Gibbs already brought claims regarding the conditions of his confinement at Parchman in the United States District Court for the Northern District of Mississippi. *See Gibbs v. Santos*, No. 4:16cv12-DMB-JMV (N.D. Miss.). Those claims were dismissed for failure to prosecute on December 1, 2016. *See id.* at Dec. 1, 2016 Order [25]. Gibbs cannot revive those claims here, in an improper venue, in an attempt to circumvent the three-strikes rule.

Gibbs also asserts that his "only kidney is decreasing in function." Objections [32] ¶ 12. But he states no facts to indicate that issues with his allegedly failing kidney placed him in "imminent danger" of serious bodily harm at the time he sought IFP status. *See Gibbs v. Santos*, No. 4:16cv12-DMB-JMV, 2016 WL 4919895, at *2 (N.D. Miss. Sept. 14, 2016) (explaining that imminent danger exception requires a "real and proximate" threat and "genuine emergency" where "time is pressing") (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Finally, in his affidavit, Gibbs claims that, following his return to CMCF in November 2016, he has continued to be exposed to second-hand smoke, which he fears may cause him to contract "double pneumonia in [his] lungs." Gibbs Aff. [34] at 3. As with the allegations concerning the conditions at Parchman, this new claim is not among or related to the conditions that form the basis for Gibbs's initial Complaint in this matter. *See Judd v. Fed. Election Comm'n*, 311 F. App'x 730, 731 (5th Cir. 2009) ("Although it may be true that Judd is now under [an imminent] threat both from his medical condition and fellow prisoners, neither of those threats is related to his complaint."). And conditions that did not arise until after Gibbs's November 2016 transfer back to CMCF obviously did not place Gibbs in "imminent danger" at the time he filed his Complaint and sought IFP status in November 2015. *See Taylor v. Green*,

No. 6:08cv549, 2009 WL 1350807, at *3 (E.D. Tex. 2009) ("[T]he determination as to whether a prisoner is under 'imminent danger' must be made as of the time he seeks to proceed *in forma pauperis* on his complaint or appeal.").[2]

Because the Court agrees with Judge Ball that Gibbs has not demonstrated that he was in "imminent danger of serious physical injury" at the time he filed this lawsuit and sought IFP status, it adopts Judge Ball's Report and Recommendation [31] as the opinion of the Court. Defendant's Motion to Revoke Plaintiff's IFP Status [23] is granted, and Plaintiff's IFP status is hereby revoked. Plaintiff shall have 30 days from the date of this Order to pay to the Clerk of Court the required $350.00 filing fee plus a $50.00 administrative fee. **Plaintiff is warned that failure to pay the filing fee will result in an order of dismissal for want of prosecution under Federal Rule of Civil Procedure 41(b) without further notice.**

**SO ORDERED AND ADJUDGED** this the 23rd day of December, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] Even if construed as a motion to amend to include a second-hand-smoke claim, Judge Ball correctly noted that the Fifth Circuit has found such exposure does not amount to imminent danger. *See Foster v. Unidentified Party*, No. 01-40349, 2002 WL 663757, at *1 (5th Cir. Apr. 1, 2002).